IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-01856-WYD-BNB

RIPPLE RESORT MEDIA, INC.,

    Plaintiff(s),

v.

SKIVIEW CORPORATION,

    Defendant(s).

---

ORDER

---

THIS MATTER is before the Court on Defendant SkiView Corporation's Motion to Amend Findings of Fact and Conclusions of Law and Judgment, filed November 3, 2008 (docket #115); Ripple Resort Media's Motion to Stay Proceedings to Enforce Judgment, filed November 4, 2008 (docket #119); and Plaintiff's Motion to Alter or Amend Findings and Judgment, filed November 4, 2008 (docket #120).

I.    INTRODUCTION

On July 14-16, 2008, this matter was before the Court on a trial to the Court. On October 20, 2008, I entered my Findings of Fact and Conclusions of Law wherein I found that Judgment shall be entered in favor of Defendant SkiView Corporation in the amount of $409,649.00.

II.    STANDARD OF REVIEW

In their respective Motions to Amend, the parties request that I amend the Findings of Fact and Conclusions of law. According to the case law, such a motion is

analogous to a motion for reconsideration. The Tenth Circuit "construe[s] a motion for reconsideration in one of two ways." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). "'If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).'" *Id.* (quotation omitted). "'Alternatively, if the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).'" *Id.* (quotation omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished);. "'This distinction . . . [is] significant in determining the timeliness of a notice of appeal, for a Rule 59(e) motion tolls the 30-day period [for appeal] . . . while a Rule 60(b) motion does not.'" *Hawkins*, 64 F.3d at 546 (quotation omitted). "Consequently, an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment." *Id.*

"'[R]egardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion. *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). "Furthermore, we have held that a motion will be considered under 59(e), 'when it involves reconsideration of matters properly encompassed in a decision on the merits.'" Id. (quotation and internal quotation marks omitted); *see also Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) (a Rule 59 motion to alter or amend judgment may properly be cast in the form of a motion for

2

reconsideration).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995). There are three major grounds that justify reconsideration under Rule 59(e) (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches*, 950 F. Supp. at 300 ("'a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple'" and make legal arguments that could have been raised before").

The Tenth Circuit reviews a district court's ruling on a motion under Rule 59(e) under an abuse of discretion standard. *Phelps*, 122 F.3d at 1324. "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of

3

judgment or exceeded the bounds of permissible choice in the circumstances." *Id.*

A motion under Rule 59(e) to alter or amend the judgment may not encompass matters purely collateral to the judgment. *See*, generally, *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445 (1982). However, as White makes clear, a Rule 59(e) motion is appropriate "to support reconsideration of matters properly encompassed in a decision on the merits." *Id.*; *see also Utah Women's Clinic, Inc. v. Leavitt*, 75 F.3d 564, 567 (10th Cir. 1995) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

III. ANALYSIS

Defendant requests that I amend both my Findings of Fact and Conclusions of Law, as well as the Judgment, to award pre-judgment interest from the date of the wrongful termination of the Agreement by Plaintiff Ripple Resort Media, Inc. SkiView asserts that I may have inadvertently overlooked SkiView's *ad damnum* clause in its opening pleading when I held that SkiView was not entitled to pre-judgment interest, finding that SkiView had not affirmatively plead a request for interest. Having reviewed SkiView's Answer and Counterclaims filed on November 6, 2006, I agree with SkiView that SkiView's request for interest in its prayer for relief was sufficient, as a matter of law, to award pre-judgment interest from the date the action accrued. *Briggs v. Cornwell*, 676 P.2d 1252, 1252 (Colo. App. 1983).

The only question remaining as to the issue of pre-judgment interest is what amount of pre-judgment interest is proper to award SkiView. Ripple, in its response, asserts that SkiView did not adequately preserve its request for prejudgment interest by

4

failing to properly present the issue at trial. Ripple argues that at trial SkiView failed to present evidence of the dates it would have received payments from each advertiser. As such, Ripple asserts that there is no basis for the Court to make a finding as to the dates on which pre-judgment interest should begin to accrue for each payment. Ripple cites to *Bancamerica Commerical Corp. V. Trintiy Indus., Inc.*, 1995 WL 646790 (D. Kan. Oct. 19, 1995), wherein Plaintiff filed a motion under Fed. R. Civ. P. 59(e), requesting that the court amend its finding as to pre-judgment interest. *Id*. The plaintiff attached to its Motion to Alter or Amend Judgment a schedule of interest rates and a computation of pre-judgment interest. *Id*. at *2. The District Court rejected the evidence as offered too late. *Id*. The Court pointed out that a party invoking Rule 59(e) is not permitted to raise arguments or evidence that could and should have been presented at trial in the first instance.

SkiView asserts that *Bancamerica* is not on point because that case involved a specific federal statute and not Colorado law. Further, SkiView asserts that Ripple cites to no Colorado law wherein a court denies pre-judgment interest if the prevailing party does not offer a definite date from which interest should accrue.

As an initial matter, I agree with Ripple that it is inappropriate for me to considering SkiView's newly submitted evidence regarding pre-judgment interest and the computation of that interest. However, C.R.S § 5-12-106 states that "creditors shall receive interest." As such, I find that it is appropriate for me to award interest despite SkiView's failure to properly present an accrual date for an interest calculation at trial. I find that SkiView is entitled to the interest in the nominal amount of $1.00 (one dollar) as

5

SkiView failed to provide me with any dates from which to calculate interest at trial.  I will not engage in, without the aid of testimony or evidence, creating dates from which pre-judgement interest can be calculated.

As to Plaintiff's Motion to Alter or Amend Findings and Judgment, Plaintiff asserts that I erred in holding that American Express was a client "originally secured by SkiView."  Ripple also asserts that SkiView should not receive any profits for sales to American Express.  I find that the evidence at trial demonstrated that SkiView was the party who negotiated with American Express to place advertising on Maplinks.  See Testimony of James E. Blinn, July 16, 2008, p. 130 ll. 18-20.  As such, Plaintiff's Motion to Alter or Amend is denied on this issue.   Plaintiff's Motion to Stay Proceedings to Enforce Judgment is also denied as I find that there is no risk of collection of judgment in an amount inconsistent with the final modified judgment.  Accordingly, it is hereby

ORDERED that Defendant SkiView Corporation's Motion to Amend Findings of Fact and Conclusions of Law and Judgment, filed November 3, 2008 (docket #115) is **GRANTED**.  It is

FURTHER ORDERED that prejudgment interest is awarded in the nominal amount of $1.00 (one dollar).  It is

FURTHER ORDERED that the previously filed Findings of Fact and Conclusions of Law is hereby amended to include the following language:

"70.  After careful examination of Defendant's Answer and Counterclaims, I find that Defendant did request interest in its Counterclaims.

70a. I find that SkiView is entitled, under Colorado law, to pre-judgment interest in the amount of $1.00 (one dollar) as SkiView failed to provide the Court with any evidence as to the dates from which to calculate interest and I will not create such dates from whole cloth.

70b. I also find that SkiView is entitled, under Colorado law, to post-judgment interest at 8% from the date of judgment until the time that the judgment is satisfied. Colo. Rev. Stat. §5-12-102(4)(b)." It is

FURTHER ORDERED that all other provisions of the previously filed Findings of Fact and Conclusions of Law remain in full force and effect.

FURTHER ORDERED that Ripple Resort Media's Motion to Stay Proceedings to Enforce Judgment, filed November 4, 2008 (docket #119) is **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion to Alter or Amend Findings and Judgment, filed November 4, 2008 (docket #120) is **DENIED**.

Dated: February 26, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge